EDWARD G. BUDD MFG. CO. v. ENGLAND MFG. CO.

(Circuit Court of Appeals, Sixth Circuit. February 16, 1917.)

No. 2820.

1. PATENTS ☞328—INVENTION—AUTOMOBILE DOOR.
    The England patent, No. 1,008,805, for a door for automobiles, *held* void for lack of invention.

2. PATENTS ☞17—INVENTION—PRODUCT MADE BY NEW METHOD.
    A product, the making of which by manual operations involved only the ordinary skill of the artisan, is not patentable because invention was involved in making it by machinery.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 16, 17.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity by the England Manufacturing Company against the Edward G. Budd Manufacturing Company. Decree for complainant, and defendant appeals. Reversed.

Wilber Owen, of Toledo, Ohio (Samuel E. Darby, of New York City, and Owen, Owen & Crampton, of Toledo, Ohio, of counsel), for appellant.

R. A. Parker, of Detroit, Mich., for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and McCALL, District Judge.

DENISON, Circuit Judge. In the court below the England Company, as plaintiff, secured the usual interlocutory decree for injunction and accounting, based upon patent No. 1,008,805, issued November 14, 1911, to Fred England, for a "door for automobiles and other vehicles." The defendant below, the Budd Company, by this appeal presents questions of validity and infringement.

[1] The device is very simple. It sufficiently appears from Fig. 2 of the drawings and claim 1 of the patent reproduced below. Claims 2 and 3, while more limited in form, present the same issue of validity as does claim 1. The "metallic panel" is 4, the "flange disposed at an angle" is 6, the "integral molding" is 5, and, as doubled back upon itself before it is developed into the flange 6, it constitutes the "projecting portion outside the flange."

*Fig. 2.*

"1. A metallic panel for vehicle bodies, having an edge fashioned with a flange disposed at an angle to the surface of the body of the panel, a projecting portion outside the said flange and the body of the panel, and a molding integral with the metal adjacent the said projecting portion."

To have a metal panel or cover drawn or developed into both a right-angled flange and a flange projecting in approximately the plane of the panel, so as to cover the crack or opening otherwise left on closing the cover, is the commonest expedient; it is seen, for example, in the ordinary covered tin pail. The same thought had been applied to metal doors. Smith, patent No. 522,861, in a fireproof shutter which had a metal panel covering a wooden door, employed precisely the device of England's claim, excepting for the beading or molding; and Tyra, patent No. 838,672, showed a hollow metal door with the same panel, right-angled flange and projecting flange. Even for automobile doors the general thought was not new. Smith, by patent No. 813,640, disclosed an auto-

mobile door made of wood and covered with a metal panel, the bottom closure taking the form shown in Fig. 2 and the side closure taking the form shown in Fig. 3, here reproduced.

Fig. 2.     Fig. 3.

Fig. 11. Smith Pat.—813460     Fig. 4. Smith Pat.—813460
Automobile Door     Automobile Door
Bottom     Side

It is apparent that Fig. 2 is the same as England's, save for the flange projecting in the line of the panel to cover the crack; and Fig. 3 has this projecting flange, but in the form of a separate strip screwed to the right-angled flange, instead of being formed integrally with the panel, as had been done by Smith (522,861) and Tyra, and as was common everywhere. It is therefore plain that what England did was (1) to take the bottom of the door of Smith (813,460) and add the crack covering and positioning projecting flange of the common tin pail; or (2) to take the side of the same door and make the attached molding and projecting flange integral instead of separate; or (3) to take the door, panel, and two flanges of Smith (522,861), and add the familiar stiffening bead, common in sheet metal, and already used by Smith on automobile doors (No. 813,460). From no one of these points of view, and upon familiar principles, can we see anything more than the common knowledge and skill of the sheet metal worker. For applications of this principle in this court, see Bullock Co. v. General Co., 149 Fed. 409, 416, 79 C. C. A. 229; Babcock Co. v. Toledo Co., 170 Fed. 81, 84, 95 C. C. A. 363; Hilker Co. v. Mop Co., 191 Fed. 613, 617, 112 C. C. A. 176; New Idea Co. v. Keene, 231 Fed. 701, —— C. C. A. ——; Pelton v. Williams, 235 Fed. 131, —— C. C. A. ——.

· It appears from the proofs—and this seems to have influenced the result below—that it was very difficult to make dies which would produce both the flange extending in two directions and the hollow molding or bead; and it is probable that the supposed impossibility of making such dies had prevented the making of a structure just like England's, and this because to make it by hand would be too expensive.

[2] It is possible that invention was involved either in the devising of the proper dies or in the method of their operation; but, if so, that cannot help this patent. England had a patent, not for the dies, and not for the method of construction, but for the product; and if the product was a thing, the making of which by manual operations involved only the ordinary skill of the artisan, it cannot become patentable just because invention was involved in making it by machinery. Rubber Co. v. Goodyear, 9 Wall. 788, 796, 19 L. Ed. 566; Cochrane v. Badische, 111 U. S. 293, 311, 4 Sup. Ct. 455, 28 L. Ed. 433.

This conclusion makes it unnecessary to consider the other questions presented, and requires that the decree should be reversed and the case remanded, with instructions to dismiss the bill.