GENERAL MANIFOLD & PRINTING CO. v. SIMPLE ACCOUNT SALES BOOK CO.

(Circuit Court of Appeals, Sixth Circuit.   November 6, 1917.)

Nos. 2992, 2993.

1. PATENTS ⊜⟹328—INVENTION—ANTICIPATION.

The Weeks patent, No. 665,622, for a manifold paper, provided with a surface of hardened carbon or similar coloring material, *held*, it being contended the invention was for a paper with three layers, first the paper to be written on, next a soft carbon composition on the back thereof, and a mechanically hardened surface, not to show invention, having been anticipated.

2. PATENTS ⊜⟹328—INVENTION—WHAT CONSTITUTES—ANTICIPATION.

The Lewis patent, No. 704,844, for a manifolding device, consisting of a package provided with a series of separate stubs in combination with a series of writing and copying sheets, each sheet composed of two leaves, one leaf provided with a writing surface on one side and a transfer surface on the other, and the other leaf provided with a transfer receiving surface, the leaves being separately and detachably secured at one end to the stubs along a weakened line, and to each other at their opposite ends by a similar joint, *held* not to show invention, amounting, in view of the prior art, to no more than an existing combination, in which had been substituted for one element a known equivalent.

Appeals from the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Bills by the General Manifold & Printing Company against the Simple Account Sales Book Company. From decrees dismissing the bills, complainant appeals; the causes being consolidated. Affirmed in each case.

Taylor E. Brown and Clarence E. Mehlhope, both of Chicago, Ill. (Harry E. King, of Toledo, Ohio, of counsel), for appellant.

Almon Hall, of Toledo, Ohio, J. B. Hull, of Cleveland, Ohio, and W. R. Lane, of Chicago, Ill., for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. These are two infringement suits: The first, upon the Weeks patent, No. 665,622, January 8, 1901, for a manifold pa-

---

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

per; the second, on the Lewis patent, No. 704,844, July 15, 1902, on a manifolding pad. The nature of the patents is shown by the claims in suit, quoted in the margin.[1] The court below dismissed both bills.

[1] *The Weeks Patent.*—We are not clear that the specification and claim support appellant's present theory, viz. that the invention was of a paper with three layers: (1) The paper to be written upon; (2) a soft carbon composition washed on the back thereof; (3) a mechanically-produced hardened surface or skin on the carbon; but, if this is the true theory, the patent is anticipated by the British patent to Brumby, of November 3, 1888. While Brumby does not refer to a "hardened" surface or layer in so many words, it is not disputed that his calendering rolls will necessarily produce this hardened surface, to at least as great extent as will the apparatus of Weeks. Brumby's disclosure left nothing to be discovered or to be done.

[2] *The Lewis Patent.*—The British patent to Morton, of 1892, is not satisfactory as a complete anticipation. Morton showed two forms of pad. In one, the duplicate sheet was, at its top, separably attached to the stub, and, at its bottom, similarly attached to the original, which was then folded back upon the duplicate, leaving the top of the original adjacent to, but free from, the stub. In the other, original and duplicate were separably stubbed, but were (probably) free from each other at their lower ends. In both, the carbon was washed upon the back of the original. Stettinius (United States patent No. 344,061, June 22, 1886) had his original and duplicate attached to their respective stubs at their inner sides and to each other at their outer edges. Between them, he employed interposed and removable carbon sheets (as well as a triplicate transfer sheet). The carbon coating upon the reverse of the original and the separately-inserted carbon sheet were already well-known equivalents; and it was then familiar practice to stub either an original or duplicate or both at pleasure. Lewis took Morton's first form and added a stub for the original, just as Morton had done in his second form; or, perhaps, he took Stettinius' form and substituted a carbon backing for the carbon sheet. From neither point of view did he do more than to take an existing combination and substitute for one element thereof a known equivalent. This is not invention. Keene v. New Idea Co. (C. C. A. 6) 231 Fed. 701, 145 C. C. A. 587; Fare Register Co. v. Ohmer Co. (C. C. A. 6) 238 Fed. 182, 151 C. C. A. 258; Budd Co. v. New England Co. (C. C. A. 6) 240 Fed. 415, 153 C. C. A. 341, and cases cited in each.

The decree in each case is affirmed.

---

[1] *Weeks' Claim 1.*—As a new article of manufacture, a manifold paper provided with a surface of hardened carbon or similar coloring material, substantially as described.

*Lewis' Claim 1.*—A manifolding device consisting of a package provided with a series of separate stubs in combination with a series of writing and copying sheets, each sheet composed of two leaves, one leaf provided with a writing surface on one side and a transfer-surface on the opposite side, and the other leaf provided with a transfer-receiving surface, said leaves separately and detachably secured at one end to the stubs along a weakened line and to each other at their opposite ends by a similar joint, substantially as described.